FILED
IN OPEN COURT

JAN 1 3 2017

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cr-269 |
| | ) | |
| KIMBERLY ROXANN BRAUN, | ) | |
| | ) | The Hon. T.S. Ellis, III |
| Defendant. | ) | |

STATEMENT OF FACTS

The United States and the defendant, KIMBERLY ROXANN BRAUN (hereinafter "the

Defendant") agree that the allegations in the Indictment and the following facts are true and

correct, and that had the matter gone to trial the United States would have proven them beyond a

reasonable doubt:

1.      Beginning in and around September 2015, and continuing through on or about

April 5, 2016, in Arlington, Virginia, within the Eastern District of Virginia and elsewhere, the

Defendant, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and

agree with Jimmy Oliver Zeigler II and with others, both known and unknown, to unlawfully,

knowingly, and intentionally distribute five hundred (500) grams or more of a mixture and

substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its

isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections

841(a)(1) and 846.

2.      Beginning in and around September 2015, Jimmy Oliver Zeigler II began

traveling to California to purchase methamphetamine for himself and an uncharged co-

conspirator ("UCC-1"). More specifically, Zeigler began traveling to San Diego, California,

where the Defendant lived.  Both the Defendant and her boyfriend, Hilario Silva, distributed crystal methamphetamine and were known sources of supply to Zeigler and UCC-1.

3.      Hilario Silva was arrested on federal methamphetamine distribution charges in September 2015.  The Defendant, however, continued to broker methamphetamine deals after Hilario Silva's arrest.  Moreover, the Defendant continued to conspire with Hilario Silva to distribute methamphetamine, while he was incarcerated.

4.      In and around September 2015, Zeigler traveled to San Diego, California, to purchase methamphetamine.  During this trip, the Defendant coordinated Zeigler's purchase of crystal methamphetamine from a source of supply.  More specifically, the Defendant contacted a source of supply and advised the source of supply to meet the Defendant at a hotel located in Escondido, California.  When the source of supply arrived, the Defendant provided the source of supply with U.S. currency provided to her by Zeigler.  In return, the Defendant obtained approximately 1.5 pounds or 680 grams of methamphetamine (actual).  Zeigler then further distributed the methamphetamine in the Eastern District of Virginia and elsewhere.

5.      In and around September 2015, the Defendant retrieved crystal methamphetamine from Hilario Silva's safe.  The Defendant then mailed a package containing approximately 450 grams of methamphetamine (actual) to UCC-1.  UCC-1 then further distributed this methamphetamine within the Eastern District of Virginia and elsewhere.

6.      In and around October 2015, Zeigler again traveled to San Diego, California, to purchase methamphetamine.  The Defendant arranged to meet with the same source of supply referenced in paragraph 4, at a Wal-Mart parking lot.  The Defendant and Zeigler drove together to the meeting place and Zeigler provided the Defendant with approximately $4,000 in U.S.

currency.  The Defendant exited the vehicle to meet with the source of supply.  Upon returning to the vehicle, the Defendant provided Zeigler with approximately 1.5 pounds or 680 grams of methamphetamine (actual).  Zeigler then further distributed the methamphetamine in the Eastern District of Virginia and elsewhere.

7.      In and around November 2015, Zeigler again traveled to San Diego, California, to purchase methamphetamine.  On this trip Hilario Silva, with the knowledge of the Defendant, contacted the same source of supply referenced in paragraphs 4 and 6, and arranged to meet with the source of supply at a Del Taco parking lot in Vista, California.  Hilario Silva then obtained approximately four (4) pounds or 1,600 grams of methamphetamine (actual) from the source of supply, which Hilario Silva then provided to Zeigler.  Zeigler then further distributed the methamphetamine in the Eastern District of Virginia and elsewhere.

8.      During the pendency of the conspiracy, the Defendant was personally involved in the distribution of, or it was reasonably foreseeable to the defendant that her co-conspirators distributed in furtherance of the conspiracy, at least 1.5 kilograms but less than 4.5 kilograms of methamphetamine (actual) (Level 36).

9.      The acts taken by the Defendant in furtherance of the offense charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law.

10.     The Defendant acknowledges that the foregoing Statement of Facts does not describe all of her conduct relating to the offense charged in this case nor does it identify all of the persons with whom the Defendant may have engaged in illegal activities.  The Defendant

further acknowledges that she is obligated under her plea agreement to provide additional

information about this case beyond that which is described in this Statement of Facts.

11.     The Statement of Facts shall be admissible as a knowing and voluntary confession

in any proceeding against the Defendant regardless of whether the plea agreement is presented to

or accepted by a court.  Moreover, the Defendant waives any rights that she may have under Fed.

R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or

rule in objecting to the admissibility of the Statement of Facts in any such proceeding.


Respectfully submitted,

Dana J. Boente
United States Attorney

By:  _____

Carina A. Cuellar
Assistant United States Attorney

4

<u>Defendant's Signature</u>:  After consulting with my attorney and pursuant to the plea agreement entered into this day between the Defendant, Kimberly Roxann Braun, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: _____

_____
Kimberly Roxann Braun
Defendant

<u>Defense Counsel's Signature</u>:  I am the attorney for the Defendant, Kimberly Roxann Braun, in this case.  I have carefully reviewed the above Statement of Facts with her.  To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

Date: _____

_____
Mark Thrash, Esq.
Counsel for the Defendant

5